**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 26-cv-13058 |
| Plaintiff, | **STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |
| v. | |
| HOPPER (USA), INC., a corporation, and | |
| HOPPER INC., a corporation, | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and the Commission's Rule on Unfair or Deceptive Fees ("Fees Rule"), 16 C.F.R. pt. 464. The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in unfair and deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Fees Rule, 16 C.F.R. pt. 464, in their advertising, marketing, promoting, offering for sale, and sale of travel bookings and related add-on travel products.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as

1

specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.   Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.   Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.   **"Ancillary Good or Service"** means any additional good(s) or service(s) offered to a consumer as part of the same transaction.

B.   **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by reasonable consumers, including in all of the following ways:

1.   In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.

2.   In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

3.   A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying

2

text or other visual elements so that it is easily noticed, read, and understood.

4.  An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for reasonable consumers to easily hear and understand it.

5.  In any communication using an interactive electronic medium, such as the Internet, a mobile application, or software, the disclosure must be unavoidable.

6.  The disclosure must use diction and syntax understandable to reasonable consumers and must appear in each language in which the representation that requires the disclosure appears.

7.  The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

8.  The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

9.  When the representation or sales practice targets a specific audience, such as children, older adults, or the terminally ill, "reasonable consumers" includes members of that group.

C.  **"Covered Good or Service"** means any travel booking service by any Defendant and any Ancillary Good or Service offered by any Defendant in connection with a travel booking.

D.  **"Defendants"** means Hopper (USA), Inc., Hopper Inc., and their successors and assigns, individually, collectively, or in any combination.

E. **"Express Informed Consent"** means an affirmative act communicating unambiguous assent to the fee or charge, made after receiving and in close proximity to a Clear and Conspicuous disclosure of the following information related to the fee or charge: (a) the nature, purpose, amount, optionality, any recurrence, and refundability of the fee or charge; (b) the identity of the good or service for which the fee or charge is imposed; and (c) all material restrictions, limitations, and conditions.

F. **"Government Charges"** means the fees or charges imposed on the transaction by a Federal, State, Tribal, or local government agency, unit, or department.

G. **"Shipping Charges"** means the fees or charges that reasonably reflect the amount Defendants incur to send physical goods to a consumer, including through the mail, private mail and shipping services, or by freight.

H. **"Total Price"** means the maximum total of all fees or charges a consumer must pay for any good(s) or service(s) and any mandatory Ancillary Good or Service, including any fee, charge, good, or service that is selected by default, except that Government Charges, Shipping Charges, and fees or charges for any optional Ancillary Good or Service may be excluded.

## ORDER

### I. REQUIREMENT TO OBTAIN EXPRESS INFORMED CONSENT FOR EACH FEE AND CHARGE

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any Covered Good or Service, are

4

permanently restrained and enjoined from imposing any fee or charge on a consumer without first obtaining the consumer's Express Informed Consent for each fee or charge.

## II. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, including through the use of a good or service name, endorsement, depiction, or illustration:

A. The Total Price of any good or service;

B. The final amount of payment for any transaction;

C. Any fee or charge, including:

1. The nature, purpose, amount, refundability, or optionality of any fee or charge;

2. The identity of the good or service for which the fee or charge is imposed;

3. That any fee or charge is a deposit;

4. That any fee or charge is a tip or gratuity;

5. That any fee or charge is not a booking, service, or transaction fee; and

6. That any price includes all fees or charges; and

D. Any other fact material to consumers concerning the good or service, such as: any material restrictions, limitations, or conditions, including as to refunds or cancellations; or any material aspect of its performance, efficacy, nature, purpose, or central characteristics, including

that:

1. A good or service is free;

2. A good or service does not have any hidden fees or "gotcha" charges;

3. Consumers receive free or 24/7 customer service;

4. Consumers who purchase upgraded customer service, including VIP Support, get customer service instantly or within a specified time period; and

5. Any good or service holds, freezes, fixes, or locks in the price or availability of a travel booking, or protects consumers from paying any price increase for a travel booking.

### III.    REQUIRED DISCLOSURES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any Covered Good or Service are permanently restrained and enjoined from failing to:

A.  Clearly and Conspicuously disclose the Total Price in any offer, display, or advertisement that represents any price of a Covered Good or Service;

B.  Disclose the Total Price more prominently than any other pricing information, except where the final amount of payment for the transaction is displayed, the final amount of payment must be disclosed more prominently than, or as prominently as, the Total Price; and

C.  Clearly and Conspicuously disclose, before a consumer consents to pay:

1. The nature, purpose, amount, optionality, any recurrence, and refundability of any fee or charge imposed on the transaction that has been excluded from

Total Price and the identity of the good or service for which the fee or charge is imposed;

2.  The final amount of payment for the transaction; and

3.  Any other fact material to consumers concerning any Covered Good or Service, such as: any material restrictions, limitations, or conditions, including as to refunds or cancellations; or any material aspect of its performance, efficacy, nature, purpose, or central characteristics.

### IV.   PROHIBITIONS CONCERNING REFUNDS, RETURNS, AND CANCELLATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any Covered Good or Service are permanently restrained and enjoined from:

A.  Failing to honor a refund, return, or cancellation request that complies with any disclosure made by Defendants. Any such disclosure must be Clearly and Conspicuously made and must comply with the Sections titled Required Disclosures and Prohibition Against Misrepresentations;

B.  Failing to automatically refund all fees and charges, whether or not separately billed, imposed by Defendants in connection with a transaction that is refunded, returned, cancelled, or uncompleted, without requiring consumers to separately or specifically request a refund of such fees or charges, unless Defendants Clearly and Conspicuously have disclosed, as set forth in the Sections titled Required Disclosures and Prohibition Against Misrepresentations, each fee and charge and that it is nonrefundable; and

C. Failing to provide refunds in the original method of payment or cash unless Defendants Clearly and Conspicuously have disclosed, as set forth in the Sections titled Required Disclosures and Prohibition Against Misrepresentations, that consumers who seek a refund for the good or service will be compensated by a method that is different than a refund to the original method of payment or cash.

*Provided, however,* that refunds for any fees or charges imposed without Express Informed Consent must be to the original method of payment or cash.

## V.    INJUNCTION RELATING TO FEES OR CHARGES FOR LIVE-EVENT TICKETS AND SHORT-TERM LODGING

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of live-event tickets or short-term lodging are permanently restrained and enjoined from:

A. Offering, displaying, or advertising any price of live-event ticketing or short-term lodging without Clearly and Conspicuously disclosing the Total Price;

B. In any offer, display, or advertisement that represents any price of live-event ticketing or short-term lodging, failing to disclose the Total Price more prominently than any other pricing information. However, where the final amount of payment for the transaction is displayed, the final amount of payment must be disclosed more prominently than, or as prominently as, the Total Price;

C. Failing to Clearly and Conspicuously disclose, before the consumer consents to pay for any live-event ticketing or short-term lodging:

1.  The nature, purpose, and amount of any fee or charge imposed on the transaction that has been excluded from Total Price and the identity of the good or service for which the fee or charge is imposed; and

2.  The final amount of payment for the transaction;

D.  In any offer, display, or advertisement for live-event ticketing or short-term lodging, misrepresenting any fee or charge, including the nature, purpose, amount, or refundability of any fee or charge, and the identity of the good or service for which the fee or charge is imposed; and

E.  Violating the Rule on Unfair or Deceptive Fees, 16 C.F.R. pt. 464, a copy of which is attached as Attachment A.

## VI.    MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.  Judgment in the amount of Thirty-Five Million Dollars ($35,000,000) is entered in favor of the Commission against Defendants, jointly and severally, as monetary relief.

B.  Defendants are ordered to pay to the Commission Thirty-Five Million Dollars ($35,000,000) by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission in twelve payments, as follows:

1.  Within 7 days of entry of this Order or by August 21, 2026, whichever is later (for purposes of this Section, the "First Payment Date"), Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

2.  Within 30 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

9

3. Within 60 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

4. Within 90 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

5. Within 120 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

6. Within 150 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

7. Within 180 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

8. Within 210 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

9. Within 240 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

10. Within 270 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

11. Within 300 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Seventeen Thousand Dollars ($2,917,000).

12. Within 330 days of the First Payment Date, Defendants are ordered to pay to the Commission Two Million Nine Hundred Thirteen Thousand Dollars ($2,913,000).

C. If Defendants fail to make any required payment when due under Subsections VI.B.1–12 above, the judgment becomes immediately due as to Defendants in the amount specified in Subsection VI.A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order. Time is of the essence for the payments specified in Subsections VI.B.1–12 above.

## VII.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

11

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Each Defendant acknowledges that Defendant's Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendants previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E.  All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order must provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission

requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

## IX.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 15 years after entry of this Order, each Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives having managerial responsibilities for conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 10 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury. Each Defendant must:

1.   Identify the primary physical, postal, and email address and telephone

13

number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2. Identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3. Describe the activities of each business, including the goods and services offered and the means of advertising, marketing, and sales, and the involvement of any other Defendant;

4. Describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

5. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 15 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Any designated point of contact; or

2. The structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty

of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Hopper (USA), Inc.*

## XI.    RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, each Defendant in connection with the advertising, sale, cancellation, or refund of any Covered Good or Service, must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  Records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.  A copy of each materially different advertisement or other marketing material; and

F.  In connection with any mobile application or website made available to consumers that offers, displays, or advertises any Covered Good or Service:

1.  A functional and executable copy of each version and build of each mobile application and website made available to consumers, together with all components necessary to ensure such functionality; and

2.  Records showing any material change to the complete user experience, sales flow, or path a user takes within each version and build of any mobile application or website to complete a sale, from initial browsing to final purchase confirmation, including all required disclosures as set forth in the Sections titled Required Disclosures and Injunction Relating to Practices Involving Fees or Charges for Live-Event Tickets and Short-Term Lodging, and any other disclosures that Defendant makes relating to any fee or charge imposed by that Defendant and all material restrictions, limitations, and conditions.

## XII.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil

16

Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 2026.**


_____

UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF THE FEDERAL TRADE COMMISSION**


/s/ Karen J. Mandel                           Date:   July 2, 2026
Karen J. Mandel, Esq. (NY 2841948)
Edwin Rodriguez, Esq. (DC 446457)
Esther J. Lee, Esq. (WA 63356)
Attorneys


Brian Shull, Esq.
Assistant Director


Janice L. Kopec, Esq.
Acting Associate Director
Division of Advertising Practices
Bureau of Consumer Protection


Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Tel.:    (202) 326-2491 (Mandel)
         (202) 326-3147 (Rodriguez)
         (202) 326-2633 (Lee)
Email: kmandel@ftc.gov
         erodriguez@ftc.gov
         elee4@ftc.gov


18

**FOR DEFENDANTS HOPPER (USA), INC. AND HOPPER INC.**

Date: June 12, 2026

Laura Riposo VanDruff, Esq.
Robert N. Ward, Esq.
Darby Hobbs, Esq.
Kelley Drye & Warren LLP
670 Maine Avenue SW, Suite 600
Washington, DC 20024
Tel.: (202) 342-8435
Email: lvandruff@kelleydrye.com
　　　rward@kelleydrye.com
　　　dhobbs@kelleydrye.com

Benjamin M. Mundel, Esq.
Phillip Shaverdian, Esq.
Sidley Austin LLP
1501 K St. NW
Washington, DC 20005
Tel.: (202) 736-8157
Email: bmundel@sidley.com
　　　pshaverdian@sidley.com

Michael A. Fragoso, Esq.
Torridon Law
801 17th St. NW, Suite 1100
Washington, DC 20006
Tel.: (202) 249-6900
Email: mfragoso@torridonlaw.com

COUNSEL FOR DEFENDANTS

**DEFENDANT HOPPER (USA), INC.**

Date: June 12, 2026

Brian Carroll, Esq.,
AS AN OFFICER OF HOPPER (USA), INC.

**DEFENDANT HOPPER INC.**

Date: June 12, 2026

Brian Carroll, Esq.,
AS AN OFFICER OF HOPPER INC.

19

<u>Attachment A</u>

Copy of the Rule on Unfair or Deceptive Fees
16 C.F.R. pt. 464

This content is from the eCFR and is authoritative but unofficial.

**Title 16 —Commercial Practices**
**Chapter I —Federal Trade Commission**
**Subchapter D —Trade Regulation Rules**

**Part 464**  Rule on Unfair or Deceptive Fees
§ 464.1  Definitions.
§ 464.2  Hidden fees prohibited.
§ 464.3  Misleading fees prohibited.
§ 464.4  Relation to State laws.
§ 464.5  Severability.

# PART 464—RULE ON UNFAIR OR DECEPTIVE FEES

**Authority:**  15 U.S.C. 41 through 58.

**Source:**  90 FR 2166, Jan. 10, 2025, unless otherwise noted.

## § 464.1 Definitions.

*Ancillary good or service* means any additional good(s) or service(s) offered to a consumer as part of the same transaction.

*Business* means an individual, corporation, partnership, association, or any other entity that offers goods or services, including, but not limited to, online, in mobile applications, and in physical locations.

*Clear(ly) and conspicuous(ly)* means a required disclosure that is easily noticeable (*i.e.*, difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

(1)  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

(2)  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

(3)  An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

(4)  In any communication using an interactive electronic medium, such as the internet, a mobile application, or software, the disclosure must be unavoidable.

(5) The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

(6) The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

(7) The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

(8) When the representation or sales practice targets a specific audience, such as children, older adults, or the terminally ill, "ordinary consumers" includes members of that group.

*Covered good or service* means:

(1) Live-event tickets; or

(2) Short-term lodging, including temporary sleeping accommodations at a hotel, motel, inn, short-term rental, vacation rental, or other place of lodging.

*Government charges* means the fees or charges imposed on the transaction by a Federal, State, Tribal, or local government agency, unit, or department.

*Pricing information* means any information relating to an amount a consumer may pay.

*Shipping charges* means the fees or charges that reasonably reflect the amount a business incurs to send physical goods to a consumer, including through the mail, private mail and shipping services, or by freight.

*Total price* means the maximum total of all fees or charges a consumer must pay for any good(s) or service(s) and any mandatory ancillary good or service, except that government charges, shipping charges, and fees or charges for any optional ancillary good or service may be excluded.

## § 464.2 Hidden fees prohibited.

(a) It is an unfair and deceptive practice and a violation of this part for any business to offer, display, or advertise any price of a covered good or service without clearly and conspicuously disclosing the total price.

(b) In any offer, display, or advertisement that represents any price of a covered good or service, a business must disclose the total price more prominently than any other pricing information. However, where the final amount of payment for the transaction is displayed, the final amount of payment must be disclosed more prominently than, or as prominently as, the total price.

(c) A business must disclose clearly and conspicuously, before the consumer consents to pay for any covered good or service:

(1) The nature, purpose, and amount of any fee or charge imposed on the transaction that has been excluded from total price and the identity of the good or service for which the fee or charge is imposed; and

(2) The final amount of payment for the transaction.

## § 464.3 Misleading fees prohibited.

In any offer, display, or advertisement for a covered good or service it is an unfair and deceptive practice and a violation of this part for any business to misrepresent any fee or charge, including: the nature, purpose, amount, or refundability of any fee or charge; and the identity of the good or service for which the fee or charge is imposed.

## § 464.4 Relation to State laws.

(a) *In general.* This part will not be construed as superseding, altering, or affecting any State statute, regulation, order, or interpretation relating to unfair or deceptive fees or charges, except to the extent that such statute, regulation, order, or interpretation is inconsistent with the provisions of this part, and then only to the extent of the inconsistency.

(b) *Greater protection under State law.* For purposes of this section, a State statute, regulation, order, or interpretation is not inconsistent with the provisions of this part if the protection such statute, regulation, order, or interpretation affords any consumer is greater than the protection provided under this part.

## § 464.5 Severability.

If any provision of this part is held to be invalid or unenforceable by its terms, or as applied to any person, industry, or circumstance, or stayed pending further agency action, the provision shall be construed so as to continue to give the maximum effect to the provision permitted by law and such invalidity shall not affect the application of the provision to other persons, industries, or circumstances or the validity or application of other provisions. If any provision or application of this part is held to be invalid or unenforceable, the provision or application shall be severable from this part and shall not affect the remainder thereof.